[No. E012368. Fourth Dist., Div. Two. Dec. 22, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER C. JUAREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication except for part I-B.

## COUNSEL

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, J.**—On December 11, 1992, a second amended information was filed in which defendant was charged with having committed eight crimes, seven on July 16, 1992 and one on May 3, 1992. This information also alleged as sentence enhancements that on June 8, 1992, defendant had been convicted of a prior serious felony within the meaning of Penal Code section 667,[1] and that he had committed the alleged offenses, including those alleged to have occurred on July 16 while released from custody prior to the judgment becoming final on a primary offense (on-bail enhancement).[2]

Subsequently, defendant pled guilty to the crime of possession of a firearm by a convicted felon (§ 12021, subd. (a)), and following a jury trial he was convicted of shooting at an inhabited dwelling (§ 246), assault with a firearm (§ 245, subd. (a)(2)), vandalism (§ 594), and battery (§ 242). Allegations that he had personally used a firearm in the commission of the crimes of shooting at an inhabited dwelling and assault with a firearm were found to be true.

At a subsequent bifurcated court trial the allegations relating to the prior serious felony conviction and the on-bail enhancement were found to be true.

The court sentenced defendant to state prison for a total term of sixteen years and eight months as follows: an upper term of four years for the assault with a firearm conviction plus a five-year enhancement for the personal use of a firearm enhancement; a consecutive eight months for the possession of a deadly weapon by a felon; plus a consecutive five years for the section 667 prior serious felony enhancement and a consecutive two years for the section 12022.1 on-bail enhancement.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The primary offense was assault with a deadly weapon for which defendant was convicted by a plea of guilty on June 8, 1992. He was sentenced on that offense on July 22, 1992.

On this appeal, defendant contends that imposition of both the two-year bail enhancement and the five-year prior serious felony enhancement sentences constitutes impermissible double punishment because both enhancements were based on the same prior conviction. We disagree and, accordingly, affirm the judgment of conviction in its entirety.

I

DISCUSSION

A. *Imposition of Separate Nonstayed Sentences for On-bail Enhancement and Prior Serious Felony Enhancement Does Not Constitute Impermissible Double Punishment under Section 654*

Section 654 bars multiple punishment for an "act or omission which is made punishable in different ways by different provisions of the code . . . ." ██ Defendant contends he is being doubly punished for the same act because both enhancements arise from the same act, i.e., the prior conviction on June 8, 1992. Although it is true that defendant would not have been subject to either enhancement but for his conviction on June 8, 1992, neither enhancement purports to punish him again for the underlying offense of assault with a deadly weapon. (*People* v. *Johnson* (1979) 95 Cal.App.3d 352, 357-358 [157 Cal.Rptr. 150].) Indeed, our Supreme Court has stated that "[s]ection 12022.1 enhancements are not imposed as a result of a defendant's status as a prior convicted felon. Rather, they relate more specifically to the defendant's commission of a new felony offense while released from custody on an earlier felony of which he is ultimately convicted." (*People* v. *McClanahan* (1992) 3 Cal.4th 860, 871 [12 Cal.Rptr.2d 719, 838 P.2d 241].)

In contrast, a defendant is punished under section 667, subdivision (a), because he was convicted of having committed a new serious felony offense *after* having suffered a prior serious felony conviction, thus becoming a recidivist offender. "But section 12022.1, by its express terms, simply does not prescribe a prior felony conviction enhancement." (*People* v. *McClanahan* (1992) 3 Cal.4th at p. 871.)

Thus, even where, as here, an element of each of the enhancements involved is established by the same underlying conviction, sentences on both may be imposed without violating the section 654 prohibition because the

other elements for each enhancement must be supported by different facts. As pointed out by the Supreme Court in *McClanahan*, section 12022.1 punishes a person who is convicted of committing a new felony while released from custody on an earlier felony of which he is ultimately convicted; it does not authorize "enhancement of sentence for new crimes committed after having suffered a *prior* felony conviction." (3 Cal.4th at p. 871.) The section 667 enhancement for a prior serious felony conviction punishes persons who are convicted of committing a serious felony *only after conviction of an earlier serious felony.*

■ Furthermore, the purpose served by the imposition of sentence on each enhancement is different as well. The punishment pursuant to section 12022.1 is imposed because a defendant breaches the terms of his special custodial status and applies whether or not the primary offense or the offense for which he is on bail is a serious felony whereas the purpose of section 667 is to discourage repeat offenses by those who have already been convicted in the past for committing serious felonies. (*People* v. *Melchor* (1989) 211 Cal.App.3d 1485 [260 Cal.Rptr. 174].) In this regard we agree with the analysis by the court in *People* v. *Melchor, supra*:

"While it is true that appellant would not have been subject to either enhancement but for his conviction in the first case, . . . The five-year enhancement was imposed because appellant was convicted of a serious felony after having been convicted of a prior serious felony. (§ 667, subd. (a).) The two-year enhancement was imposed because appellant committed an additional felony offense while released from custody on the earlier felony offenses. (§ 12022.1, subd. (b).) Section 12022.1 thus requires an additional fact be shown before the enhancement is imposed, namely, that the defendant was released on bail at the time of the commission of the secondary offense. This additional requirement distinguishes section 12022.1 from section 667 and justifies imposition of the separate enhancement. Furthermore, the purposes underlying each of the two provisions are different. The purpose of section 667 is to discourage persons who commit serious felonies from doing so again. (*People* v. *Kane* (1985) 165 Cal.App.3d 480, 487 [211 Cal.Rptr. 628].) The bail enhancement, by contrast, reflects appellant's breach of the terms of his special custodial status and applies whether or not the felony offenses are serious." (*People* v. *Melchor, supra*, 211 Cal.App.3d at p. 1489.)

■ Defendant notes that *Melchor* has been criticized in *People* v. *Watkins* (1992) 2 Cal.App.4th 589 [3 Cal.Rptr.2d 563], which opined that *Melchor* cited inapposite cases to support its proposition that section 12022.1

reflects the defendant's "breach of the terms of his special custodial status." However, our Supreme Court has agreed with *Melchor*'s observation. It wrote: "We agree with the *Melchor* court's observation, but point out it is merely a recognition of but one aspect of the recidivist conduct evident when an offender, while released on bail or on his own recognizance, commits new crimes. Although such conduct plainly constitutes a breach of the releasing court's trust and the terms of any release agreement, if section 12022.1 nonetheless authorized enhancement of sentence for new crimes committed after having suffered a *prior* felony conviction, we would not hesitate to apply the mandate of article I, section 28(f), and conclude that on-bail enhancements must be excluded from the double-the-base-term rule by operation of that constitutional provision as interpreted by *Prather*. But section 12022.1, by its express terms, simply does not prescribe a prior felony conviction enhancement." (*People* v. *McClanahan, supra*, 3 Cal.4th at p. 871.)

More importantly, by holding that the on-bail enhancement is not a prior felony conviction enhancement within the meaning of article I, section 28, subdivision (f) of the California Constitution, *McClanahan* reinforces our conclusion that imposition of sentences on both an on-bail enhancement and a prior serious felony enhancement—both involving conviction of the same primary offense—does not violate section 654.[3]

B. *Constitutionality of Definition of Reasonable Doubt in CALJIC No. 2.90.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[3]The recent Supreme Court decision in *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163], does not alter our conclusion. There, the high court held that a sentence to state prison could not be enhanced both for a prior serious felony conviction under section 667, and for a prior prison term served for that conviction pursuant to section 667.5, subdivision (b). The majority decision found that any distinction between an enhancement for a prior prison term served for a prior serious felony conviction and an enhancement for the same prior conviction was "untenable," "hypertechnical," and "supertechnical," and concluded that "both enhancements apply to the same facts—the prior conviction of a felony." (5 Cal.4th at p. 1149.)

For the reasons discussed above, we believe that the distinction between the enhancement for a prior serious felony conviction and the on-bail enhancement is more than just technical in view of *McClanahan*'s conclusion that the on-bail enhancement is not a prior felony conviction enhancement at all and, as *Melchor* points out, it requires additional factual elements.

*See footnote, *ante*, page 318.

## II

### DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 16, 1994.