[No. B074715. Second Dist., Div. Five. May 9, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
BERNARD ROBERTS et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are as follows: Part I of Introduction, Part IV. B. of Discussion, and Disposition.

**COUNSEL**

Hanson & Egers, Mitchell W. Egers and Christopher Blake, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Carol A. Greenwald, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.—**

INTRODUCTION

I

Defendants and appellants Bernard Roberts and Richard Talley appeal from judgments after a jury trial in which Roberts was convicted of multiple counts of robbery and attempted robbery and Talley was convicted of a single count of robbery. As to the robbery count on which both defendants were convicted, an allegation that property in excess of $25,000 was taken, within the meaning of Penal Code section 12022.6, subdivision (a), was found to be true. Both defendants contend the property taken in excess of $25,000 enhancement must be stricken because subsequent legislation amended the enhancement to increase the minimum value of property taken to $50,000. In the published portion of this opinion, we conclude defendants must be given the benefit of subsequent legislation and modify the judgment by striking the property taken in excess of $25,000 enhancement and any corresponding sentence. The parties raise other issues which we discuss in the unpublished portion of the opinion.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

*Sentencing*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

A. *Robert's Sentence*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

*See footnote, *ante*, page 1462.

## B. *Penal Code Section 12022.6, Subdivision (a)*

Roberts and Talley were charged with the first degree robbery of Catherine Rothenberg on May 26, 1992, in violation of Penal Code section 211. It was further alleged defendants took property with a value in excess of $25,000 within the meaning of Penal Code section 12022.6, subdivision (a). In the course of the robbery of Rothenberg, a ring was taken which Rothenberg valued at $29,500. The jury found the property taken in excess of $25,000 allegation to be true. Talley received a consecutive one-year sentence for the enhancement. Apparently, Roberts was inadvertently not sentenced on the enhancement.

Prior to July 1, 1992, Penal Code section 12022.6, subdivision (a) provided for a one-year enhancement if a felony involved property loss in excess of $25,000. The statute as it read prior to July 1, 1992, provided in pertinent part: "When any person takes, damages, or destroys any property in the commission or attempted commission of a felony, with the intent to cause that taking, damage, or destruction, the court shall impose an additional term as follows: [¶] (a) If the loss exceeds twenty-five thousand dollars ($25,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of one year. [¶] (c) This section shall remain in effect only until July 1, 1992, and as of that date is repealed unless a later enacted statute, which is enacted before July 1, 1992, deletes or extends that date." (Stats. 1990, ch. 1571, § 2.)

In order to take into account the effects of inflation, Penal Code section 12022.6 was amended effective June 30, 1992, to increase the enhancing property value from $25,000 to $50,000. The statute as amended effective July 1, 1992, provided in pertinent part: "When any person takes, damages, or destroys any property in the commission or attempted commission of a felony, with the intent to cause that taking, damage, or destruction, the court shall impose an additional term as follows: [¶] (a) If the loss exceeds fifty thousand dollars ($50,000), the court, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of one year. [¶] (e) It is the intent of the Legislature that the provisions of this section be reviewed within five years to consider the effects of inflation on the additional terms imposed. For that reason, this section shall remain in effect only until January 1, 1998, and as of that date is repealed unless a later enacted statute, which is enacted before January 1, 1998, deletes or extends that date." (Stats. 1992, ch. 104, § 1.)

■ Roberts and Talley contend on appeal, as they did in the trial court, they are entitled to the retroactive benefit of the amendment even though the Rothenberg robbery took place on May 26, 1992. We agree.

 An amendment to a criminal statute which mitigates punishment operates retroactively so that the lighter punishment is imposed, unless there is a savings clause. (*In re Estrada* (1965) 63 Cal.2d 740, 748 [48 Cal.Rptr. 172, 408 P.2d 948]; *People* v. *Enriquez* (1967) 65 Cal.2d 746, 748-749 [56 Cal.Rptr. 334, 423 P.2d 262]; *In re Kirk* (1965) 63 Cal.2d 761, 762-763 [48 Cal.Rptr. 186, 408 P.2d 962].) This rule also applies to the repeal of a criminal statute. (*People* v. *Rossi* (1976) 18 Cal.3d 295, 304 [134 Cal.Rptr. 64, 555 P.2d 1313].) The rule is applicable not only to statutes concerning underlying offenses, but also to statutes concerning penalty enhancements. (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 301 [279 Cal.Rptr. 592, 807 P.2d 434] [death penalty special circumstances]; *People* v. *Figueroa* (1993) 20 Cal.App.4th 65, 69-71 [24 Cal.Rptr.2d 368] [drug trafficking near school yards].) This "principle is based on presumed legislative intent." (*People* v. *Figueroa, supra,* 20 Cal.App.4th at p. 70.) Where a criminal statute is amended to repeal another criminal statute, reduce the punishment for a criminal offense, or modify the elements of a penalty enhancement, an offender of the law that has been so amended is entitled to the benefit of the amendment unless the Legislature indicates a contrary intent. (*In re Estrada, supra,* 63 Cal.2d at pp. 748-749.)

 The 1992 amendment of Penal Code section 12022.6, subdivision (a) effectively repealed the $25,000 enhancement and enacted the $50,000 enhancement. The property taken enhancement simply became inapplicable to property values of $50,000 or less. The amendment is beneficial to defendants, the legislation contains no savings clause and a review of the legislative history indicates no evidence of intent contrary to the presumption of retroactivity. Here, the value of the property was $29,500. The amended statute provides no enhancement for such a property value. Defendants are entitled to the retroactive benefit of the amendment.

Accordingly, the true finding with respect to the property taken in excess of $25,000 enhancement must be vacated. The one-year sentence received by Talley on the enhancement must be stricken. Since Roberts did not receive a sentence on this enhancement, his sentence need not be modified.

## C. *Presentence Credit*\*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgments are modified by vacating the true findings as to the Penal Code section 12022.6, subdivision (a) allegations and striking the one-year

---

\*See footnote, *ante,* page 1462.

sentence imposed on Talley for this enhancement. Talley's aggregate sentence is reduced to six years. The abstracts of judgment are modified by reducing Roberts's presentence credit to 392 days and by reducing Talley's presentence credit to 129 days. As modified, the judgments are affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 11, 1994.