[No. D019418. Fourth Dist., Div. One. Aug. 26, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD R. McNEELY, Defendant and Appellant.

## COUNSEL

Stefanie A. Sada, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General,

Keith I. Motley and Anna Marie Urrutia, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TODD, Acting P. J.**—Donald R. McNeely appeals the judgment on his conviction of 10 counts of residential burglary and 1 count of failure to appear enhanced by a prior serious felony conviction, taking property worth more than $25,000 and committing crimes while on bail. (Pen. Code,[1] §§ 459/460, 1320.5, 667, subd. (a), 12022.6, subd. (a), 12022.1.)

On September 27, 1989, McNeely entered a guilty plea in No. CR105810 to eight residential burglaries and admitted he took over $25,000 in property. While on bail pending sentencing, he committed two additional residential burglaries. He entered a guilty plea to those crimes and admitted a prior serious felony conviction and committing the crimes while on bail. The court sentenced him to serve twenty years in prison: the two-year lower term for one residential burglary with nine consecutive one-year four-month terms on the remaining residential burglary convictions (one-third the middle term), and eight months for failure to appear (one-third the middle term) enhanced by five years for the prior serious felony conviction, one year for taking over $25,000 worth of property, and concurrent two-year terms for committing a crime while on bail. It stayed the remaining enhancements and two years and eight months of the sentence. (§ 1170.1, subd. (a).) It ordered McNeely to pay from prison earnings $93,000 restitution to victims (Gov. Code, § 13967, subd. (c); § 2085.5.) McNeely contends the trial court erred in imposing sentence on both the prior serious felony conviction enhancement and the committing crimes while on bail enhancement and ordering him to pay $93,000 restitution from prison earnings.

Because McNeely raises only sentencing issues, we need not discuss further the facts underlying the convictions.

## DISCUSSION

### I

Section 654 provides as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

---

[1] All statutory references are to the Penal Code unless otherwise specified.

■ When a defendant commits a crime while on bail, he violates the special custodial trust. Section 12022.1 provides for a two-year enhancement for committing a crime while on bail. Section 667 specifies additional punishment for a defendant who repeatedly commits serious crimes. Section 667 and section 12022.1 have different elements and different purposes. (*People* v. *Juarez* (1993) 21 Cal.App.4th 318, 321-323 [26 Cal.Rptr.2d 697]; *People* v. *Melchor* (1989) 211 Cal.App.3d 1485, 1489 [260 Cal.Rptr. 174]; see *People* v. *McClanahan* (1992) 3 Cal.4th 860, 871 [12 Cal.Rptr.2d 719, 838 P.2d 241].) Imposition of a section 12022.1 on bail enhancement and section 667, subdivision (a) prior serious felony enhancement is not a violation of section 654. (*People* v. *Juarez, supra,* 21 Cal.App.4th at p. 323; *People* v. *Melchor, supra,* 211 Cal.App.3d at pp. 1489-1490.)

■ McNeely argues the trial court erred in imposing two concurrent terms for section 12022.1 enhancements. In *People* v. *Nguyen* (1988) 204 Cal.App.3d 181, 195-196 [251 Cal.Rptr. 40], the reviewing court found commission of a crime while on bail goes to the nature of the offender, not the nature of the crime, and therefore only one enhancement may be imposed. We agree. The judgment is modified to strike the concurrent sentence imposed on the second section 12022.1 enhancement.

## II

The People concede, as they must, the court erred in ordering McNeely to pay over $10,000 to victims of the 1989 crimes. (See *People* v. *Zito* (1992) 8 Cal.App.4th 736, 739-742 [10 Cal.Rptr.2d 491].) ■ The People argue the judgment should be modified to reduce the restitution order to $19,000. McNeely claims it should be reduced to $10,000.

At the same hearing, the trial court sentenced McNeely in Nos. CR105810 and CR110748. It ordered him to pay $93,000 restitution. In 1989, Government Code section 13967, subdivision (c) provided restitution shall be ordered in the amount of the loss not to exceed $10,000. It did not give the court authority to order restitution up to $10,000 for each victim or on each count. Nor did it allow a restitution order exceeding $10,000 where, as here, a defendant is sentenced in one hearing on two or more cases.

We are unable to find any cases directly on point. The closest cases are those involving the $10,000 limit on restitution fines. (Gov. Code, § 13967, subd. (a).) The limit is $10,000 regardless of the number of victims or counts. (E.g., *People* v. *Sutton* (1989) 212 Cal.App.3d 1254, 1257-1260 [261 Cal.Rptr. 194].) While a trial court can separately sentence a defendant on different cases at a single hearing (see *People* v. *Smith* (1992) 7 Cal.App.4th

1184, 1189-1193 [9 Cal.Rptr.2d 491]), here the court combined the charges in both cases in imposing the prison term and ordering restitution. We do not believe this creates separate sentencing proceedings on the two cases. When a penal statute is ambiguous, it must be construed in the light most favorable to the defendant. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1011 [239 Cal.Rptr. 656, 741 P.2d 154].) When section 13967 is construed in this light, a restitution order on a crime committed in 1989 is limited to $10,000. We modify the judgment to order McNeely to pay $10,000 restitution to the victims.

## III

In a supplemental brief, McNeely contends punishment on the section 12022.6 enhancement should be stricken because the Legislature has recently amended that section to make the enhancement applicable to $50,000 rather than $25,000 in losses. Relying on *People* v. *Roberts* (1994) 24 Cal.App.4th 1462 [29 Cal.Rptr.2d 771], McNeely argues for retroactive application of the statutory change. In *Roberts*, the reviewing court ordered retroactive application of the change, finding the case analogous to *People* v. *Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]. *Roberts* and *Estrada* are distinguishable. In *Estrada*, the Supreme Court held a statutory amendment mitigating punishment should be applied retroactively to cases not yet final. (*Id.* at p. 748.) The ruling was based on the determination the Legislature believed the lighter punishment was appropriate for the crime. As McNeely recognizes, the Legislature amended section 12022.6 because of inflation, not because it found the punishment inappropriate. In *Roberts*, the defendant took property worth $29,500. The record here reflects McNeely took property worth in excess of $65,000 from the victim in count 1, upon which part of the restitution order is based. Apparently because in 1989 the section 12022.6 enhancement applied to losses over $25,000, the People charged McNeely with taking over $25,000. Had the current law been in effect, the People would have charged him with taking over $50,000 and the result would be the same. McNeely has never contended the property was worth less than $65,000. We will not apply the amendment to section 12022.6 retroactively under these circumstances.

## IV

The People concede, as they must, the trial court erred in ordering payment of restitution from prison earnings. (See *People* v. *Nystrom* (1992) 7 Cal.App.4th 1177, 1183 [10 Cal.Rptr.2d 94].) The judgment is modified to delete this provision.

The judgment is affirmed as modified. The trial court shall notify the Department of Corrections of the modifications.

Benke, J., and Huffman, J., concurred.

A petition for a rehearing was denied September 23, 1994, and appellant's petition for review by the Supreme Court was denied December 15, 1994. Mosk, J., was of the opinion that the petition should be granted.