[No. D033181. Fourth Dist., Div. One. July 31, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGG JAMES FERRIS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*This opinion is certified for publication with the exception of parts I, II, III, IV and VI.

## COUNSEL

Jerome P. Wallingford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steven T. Oetting and Craig S. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McDONALD, J.—Gregg James Ferris appeals a judgment following his jury convictions on two counts of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)),[1] one count of possession of a short-barreled shotgun (§ 12020, subd. (a)), one count of robbery (§ 211), and one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). Ferris contends: (1) the prosecutor committed misconduct in his closing argument; and (2) the trial court erred by (a) admitting evidence on his uncharged criminal conduct, (b) not instructing sua sponte with CALJIC No.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

17.01, (c) not striking its findings that he had three prior serious or violent felony convictions, (d) imposing two restitution fines under each of section 1202.4, subdivision (b) and section 1202.45, and (e) not recognizing its discretion to impose concurrent terms for his offenses of possessing a controlled substance and possessing a firearm by a felon. We modify the judgment to impose only one restitution fine under each of section 1202.4, subdivision (b) and section 1202.45 and affirm the judgment as so modified.

### FACTUAL AND PROCEDURAL BACKGROUND

About 3:00 a.m. on June 22, 1998, Ferris was walking in the San Diego State University area. A police officer approached Ferris and questioned him. Ferris cooperated but appeared nervous. When the officer asked Ferris if the officer could search his backpack, Ferris expressed an expletive, handed the backpack to the officer, and ran away. The officer found a sawed-off shotgun and Ferris's parole identification card in the backpack.

About 2:06 p.m. on July 28, 1998, Ferris entered the Grossmont Bank in Alpine and approached bank teller Rhonda Bardsley. Ferris handed her a note and a bank bag. The note instructed her to put all of her money into the bag and stated, "I have a gun. I'll shoot and kill you." The tan canvas bag had a piece of red reflective tape on it. Bardsley took the bag, placed about $700 from her cash drawer in it, and handed it back to Ferris. Ferris took the bag and left the bank.

About 6:00 p.m. on July 28, law enforcement officers arrived at the Carlton Oaks Country Club in Santee after learning Ferris was there. Unaware that Ferris had committed the bank robbery earlier that day, the officers sought Ferris on an outstanding warrant for the June 22 incident and a parole violation. When Ferris entered the hotel lobby, officers placed him under arrest. Officers found a .357 magnum pistol in the front waistband of Ferris's pants and a dagger and a small quantity of methamphetamine strapped to his ankle. Officers found a bank bag with red reflective tape on it in the car in which Ferris had arrived at the hotel.[2] They also found gloves, some cash, and a duffel bag in the car.

The information filed in case No. SCD138109 charged Ferris with the June 22, 1998, offenses of possession of a firearm by a felon and possession of a short-barreled shotgun. The separate information filed in case No. SCE190351 charged Ferris with the July 28, 1998, offenses of robbery, possession of a firearm by a felon, and possession of a controlled substance.

---

[2]Bardsley later identified the bag as the one she saw during the robbery and identified Ferris as the bank robber.

Both informations alleged Ferris had two prior prison terms (§ 667.5, subd. (b)) and three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).[3] The trial court granted the prosecutor's motion to consolidate the two cases for trial. The jury found Ferris guilty on all charges and, in a bifurcated trial, the trial court found the allegations were true. The trial court imposed a sentence of 105 years to life, consisting of 25 years to life in case No. SCD138109 for possession of a firearm by a felon, and consecutive terms of 25 years to life in case No. SCE190351 for each of the offenses of robbery, possession of a firearm by a felon, and possession of a controlled substance, and a consecutive term of five years for one of his prior serious felony convictions. The court also imposed two $10,000 restitution fines (§ 1202.4) and two $10,000 parole revocation restitution fines (§ 1202.45), suspending the latter fines unless parole was revoked.

Ferris timely filed a notice of appeal.

DISCUSSION

I-IV*

. . . . . . . . . . . . . . . . . . . . . . . .

V

*The Trial Court Improperly Imposed Multiple Restitution Fines*

Ferris contends the trial court imposed an unauthorized sentence when it imposed two section 1202.4, subdivision (b)[7] and section 1202.45[8] restitution fines.

A

An information was filed against Ferris for the June 22, 1998, charged offenses and a separate information was filed against him for the July 28,

---

[3]The information filed in case No. SCE190351 also alleged Ferris had two prior serious felony convictions (§§ 667, subd. (a)(1), 1192.7, subd. (c)(18)).

*See footnote, *ante*, page 1272.

[7]Section 1202.4, subdivision (b) provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall be not less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ."

[8]Section 1202.45 provides: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked."

1998, charged offenses. The informations had separate case numbers: SCD138109 and SCE190351. Citing section 954,[9] the prosecutor filed a motion to consolidate the two cases for trial. When the trial court referred to the prosecutor's motion as "a motion to consolidate these cases," the prosecutor replied: "I filed a motion for joinder of the two cases for trial purposes. I don't know if consolidation is exactly the right phrase." The trial court granted the motion. The court noted the two cases "certainly would have been filed in a joint information, or complaint and then information, but for the fact that one didn't know about the other until later." The informations thereafter were not formally consolidated and the jury's verdicts on the June 22 and July 28, 1998, charged offenses bore separate case numbers. Furthermore, separate probation officer's reports were prepared. At sentencing the trial court ordered Ferris "[t]o pay a restitution fine pursuant to [section] 1202.4 of the Penal Code in the amount of $10,000 in each of the two cases, to be paid forthwith or as provided in Penal Code section 2085.5. [¶] He's to pay an additional fine pursuant to [section] 1202.45 of the Penal Code of $10,000 to be suspended and remain so unless the defendant's parole is revoked. And that is in each case."

B

■ Ferris asserts that the imposition of restitution fines in both cases constituted an unauthorized sentence because the two cases had been consolidated. Restitution fines under sections 1202.4, subdivision (b) and 1202.45 are limited to an amount of $10,000 each. (*People v. Rowland* (1997) 51 Cal.App.4th 1745, 1752 [60 Cal.Rptr.2d 351].) Ferris asserts the trial court erred by considering the two cases as separate for purposes of sections 1202.4, subdivision (b) and 1202.45 and improperly imposed restitution fines thereunder of $20,000 each.

Joinder and consolidation are often used interchangeably because they have the same effect of a joint trial of multiple charges. *People v. Ochoa* (1998) 19 Cal.4th 353 [79 Cal.Rptr.2d 408, 966 P.2d 442] shows this commonality: "Because consolidation ordinarily promotes efficiency, the law prefers it. 'Joinder of related charges, whether in a single accusatory pleading or by consolidation of several accusatory pleadings, ordinarily avoids needless harassment of the defendant and the waste of public funds which may result if the same general facts were to be tried in two or more

---

[9]Section 954 provides in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and *if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. . . .*" (Italics added.)

separate trials [citation], and in several respects separate trials would result in the same factual issues being presented in both trials.' (*People v. Brock* (1967) 66 Cal.2d 645, 655 [58 Cal.Rptr. 321, 426 P.2d 889].) Thus '[a] defendant can prevent consolidation of properly joined charges only with a "clear showing of prejudice" . . . .' (*People v. Mason* [(1991) 52 Cal.3d 909, 935 [277 Cal.Rptr. 166, 802 P.2d 950]].)" (19 Cal.4th at p. 409, fn. omitted.) Any linguistic distinction between the terms "joinder" and "consolidation" is irrelevant in the circumstances of this case because it is clear that Ferris was substantively tried and sentenced in one joint case.

In *People v. McNeely* (1994) 28 Cal.App.4th 739 [33 Cal.Rptr.2d 582], we addressed a similar situation. McNeely entered guilty pleas to various charged offenses in two cases with separate case numbers. (*Id.* at pp. 742-743.) At the same sentencing hearing, the trial court sentenced McNeely in both cases and ordered him to pay $93,000 in restitution under former Government Code section 13967, subdivision (c). (28 Cal.App.4th at p. 743.) We stated: "While a trial court can separately sentence a defendant on different cases at a single hearing [citation], here the court combined the charges in both cases in imposing the prison term and ordering restitution. We do not believe this creates separate sentencing proceedings on the two cases. When a penal statute is ambiguous, it must be construed in the light most favorable to the defendant. [Citation.]" (*Id.* at pp. 743-744.) Accordingly, we concluded the restitution order was limited to $10,000 and modified the judgment to reflect that limitation. (28 Cal.App.4th at p. 744.)

We conclude this case is similar to *McNeely*. The provisions of both section 1202.4, subdivision (b) and section 1202.45 apply "[i]n *every case* where a person is convicted of a crime." (Italics added.) Those statutes do not specify whether the phrase "every case" means every separately charged and numbered case or every jointly tried case. When a penal statute is ambiguous, we adopt the construction that is more favorable to the defendant. (*People v. McNeely, supra*, 28 Cal.App.4th at p. 744.) Accordingly, in this case we adopt the statutory construction that is favorable to Ferris. We conclude the phrase "every case" in sections 1202.4, subdivision (b) and 1202.45 includes a jointly tried case although it involves charges in separately filed informations. The trial court granted the prosecutor's motion to join the charges for purposes of trial. Therefore, the charges in the separate informations were effectively joined in one case despite any technical retention of separate case numbers. Accordingly, in this case the trial court erred by imposing restitution fines in "both cases." To allow separate restitution fines in a case involving separate informations but joint trials and

sentencing could lead to prosecutorial abuse.[10] We modify the judgment to order Ferris to pay one $10,000 fine under section 1202.4, subdivision (b) and one $10,000 fine, suspended unless his parole is revoked, under section 1202.45.[11]

VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified to provide imposition of a Penal Code section 1202.4, subdivision (b) restitution fine of $10,000 and a Penal Code section 1202.45 parole revocation restitution fine of $10,000, which is suspended unless parole is revoked. The judgment is affirmed as modified. The superior court is directed to prepare an amended abstract of judgment to reflect this modification and shall notify the Department of Corrections of the modification.

Huffman, Acting P. J., and Haller, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 2000.

---

[10]For instance, adoption of the People's position presumably would have allowed the trial court to impose five separate restitution fines had the prosecutor strategically chosen to include only one charged offense in each of five separate informations, despite conducting a joint trial of all charged offenses. Such a choice of form over substance should not be condoned.

[11]The People cite *People v. Smith* (1992) 7 Cal.App.4th 1184 [9 Cal.Rptr.2d 491] as support for their position. However, *Smith* is inapposite because it involved separate case numbers and the separate cases were not consolidated or joined for trial, sentencing, or otherwise. (*Id.* at p. 1189.) In *Smith*, we concluded the charges against the defendant were "brought and tried separately" for purposes of section 667, subdivision (a). (7 Cal.App.4th at pp. 1189-1193.)

*See footnote, *ante*, page 1272.