Filed 5/13/13  P. v. Carvajal CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN CARVAJAL,<br><br>        Defendant and Appellant. | B243550<br><br>(Los Angeles County<br>Super. Ct. No. MA050224) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bernie C. LaForteza, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Victoria B. Wilson, Lance E. Winters and Seth McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * *

Defendant Steven Carvajal was convicted of several crimes. The trial court selected the assault with a firearm to serve as the principal term for defendant's sentence. In addition to imposing a term for the substantive offense, the court also imposed a term for the gang enhancement under Penal Code section 186.22, subdivision (b)(1)(C) for a violent felony and for the personal use of a firearm under section 12022.5, subdivision (a).[1] The sole issue on appeal is whether the court erred in imposing both enhancements. The Attorney General concedes error, and we reduce the term of the gang enhancement so that it does not violate our high court's holding in *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*). We also order the abstract of judgment be modified to reflect defendant's actual convictions. As modified, we affirm the judgment of conviction.

## FACTS AND PROCEDURE

Because defendant raises only a sentencing issue, we describe the facts only briefly (*People v. McNeely* (1994) 28 Cal.App.4th 739, 742), interpreting them in the light most favorable to the verdict (*People v. Halvorsen* (2007) 42 Cal.4th 379, 419).

Defendant was a member of the Midtown Criminals street gang. Arturo Gonzalez was a member of a rival gang and lived next door to L.G.'s mother.

On August 27, 2010, defendant and two companions drove by Gonzalez's home and shouted at Gonzalez, who was outside. Someone in the car yelled "fuck cookie monsters," a derogatory reference to Gonzalez's gang. Gonzalez fled because he was worried about being shot. Gonzalez told a deputy sheriff after the incident that defendant pointed a gun at him but denied that at trial.

Meanwhile, L.G., her boyfriend A.H., and others were outside L.G.'s mother's home when defendant drove by the home. L.G. saw defendant get out of a car driven by someone else and shoot a shotgun at least twice in the direction of L.G. and A.H. A.H. fled. L.G. recognized defendant because she had seen him earlier that evening at a gas

---

[1] All undesignated statutory citations are to the Penal Code.

2

station, where he brandished a gun and mentioned his gang name after he mistakenly believed L.G. spoke to him.

After the shooting incident, L.G. left her mother's home but returned later that night. As she walked to her mother's home, she heard rustling. L.G. saw defendant shoot twice in the direction of her mother's home. Following the shooting, L.G.'s father's truck had bullet holes in it, but her mother's home was not damaged.

Jurors found defendant not guilty of shooting at an inhabited dwelling, but guilty of the lesser offense of shooting a firearm in a grossly negligent manner. Jurors found defendant guilty of shooting at an unoccupied vehicle and found the gang allegation true with respect to that offense. Jurors found defendant not guilty of assault with a firearm on Gonzalez but guilty of assault with a firearm on L.G. and A.H. With respect to that offense, jurors found the gang enhancement (§ 186.22, subd. (b)(1)(C)) and personal use of a firearm (§ 12022.5, subd. (a)) true.

The trial court sentenced defendant to the high term of four years for assault with a firearm. With respect to that substantive crime, the court imposed a 10-year enhancement for the personal use of a firearm and a 10-year enhancement for the gang enhancement. For shooting at an unoccupied vehicle, the court sentenced defendant to eight months for the substantive crime and one year for the gang enhancement. The court imposed and stayed sentence for shooting a firearm in a grossly negligent manner, applying section 654.

## DISCUSSION

*Rodriguez*, *supra*, 47 Cal.4th 501 is dispositive of this case as both parties recognize. In *Rodriguez*, the California Supreme Court held the trial court could not impose enhancements under both section 12022.5, subdivision (a) for personal use of a firearm and section 186.22, subdivision (b)(1)(C) for a violent felony committed to benefit a street gang. (*Rodriguez,* at p. 504.) The court reasoned that section 1170.1, subdivision (f) prohibited such a result. That statute provides: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those

3

enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury." The high court rejected the Attorney General's argument that the gang enhancement was not a firearm enhancement because the punishment exceeded a regular gang enhancement only because the defendant used a firearm. (*Rodriguez,* at p. 509.) The court explained: "defendant became eligible for this 10-year punishment *only* because he 'use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.' [Citation.]" (*Ibid*.)

Based on *Rodriguez*, the Attorney General concedes the court erred in imposing both a 10-year enhancement under section 12022.5, subdivision (a), and another 10-year enhancement under section 186.22, subdivision (b)(1)(C). The Attorney General argues this court may reduce the gang enhancement from 10 years under section 186.22, subdivision (b)(1)(C) to five years under subdivision (b)(1)(B), which mandates a five-year enhancement for serious felonies committed for the benefit of, at the direction of, or in association with a gang. In contrast to the 10-year enhancement for a violent felony, which depends on defendant's use of a firearm, the five-year enhancement is based on the substantive crime, not because personal use of a firearm was charged and proved under section 12022.5. (§ 1192.7, subd. (c)(1), criteria (31).)

Defendant does not dispute assault with a deadly weapon constitutes a serious felony. Nor does he dispute this court can reduce the degree of the enhancement or that the five-year enhancement is based on defendant's use of a firearm. But instead, defendant argues imposition of both the personal use enhancement and the gang enhancements violates section 654. That statute provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (*Id.*, subd. (a).)

4

We conclude the imposition of the personal use enhancement and the gang enhancement does not violate section 654. In *People v. Ahmed* (2011) 53 Cal.4th 156, 163-164 (*Ahmed*), our high court explained that if the specific statutes fail to supply an answer to whether multiple enhancements may apply, a court should consider section 654. When section 654 is applicable in the context of multiple enhancements, it "bars multiple punishment for the same *aspect* of a criminal act." (*Ahmed*, at p. 164.) Unlike a substantive offense, an enhancement does not define a criminal act but instead focuses on aspects of that act. (*Ahmed*, at p. 163.) "But enhancement provisions do not define criminal acts; rather, they increase the punishment for those acts. They focus on *aspects* of the criminal act that are not always present and that warrant additional punishment." (*Ibid*.) "Sometimes separate enhancements focus on different aspects of the criminal act." (*Ibid*.)

Assuming that section 654 is applicable as defendant argues, defendant's personal use of a firearm was an aspect of the assault and defendant's acting for the benefit of, at the direction of, or in association with a gang was a separate aspect of the assault. The personal use of a firearm punishes firearm use whereas the gang enhancement punishes gang-related conduct. The two enhancements concern different aspects of a criminal act. Neither is always present and both warrant additional punishment. Therefore, imposition of both is not barred under section 654, and the gang enhancement should be reduced from 10 years (for a violent felony) to five years (for a serious felony).[2]

Finally, defendant argues, the Attorney General concedes, and we agree the abstract of judgment should be amended to reflect a conviction for shooting a firearm in a grossly negligent manner for count 1 (§ 246.3) and for shooting at an unoccupied vehicle in count 2 (§ 247, subd. (b).) The abstract of judgment incorrectly states defendant was

---

[2]     The Supreme Court is currently considering whether a gang enhancement may be imposed under sections 186.22 and 12022.5 concurrently. (*People v. Le* (May 31, 2012, S202921).)

5

convicted of shooting at an inhabited dwelling and provides the incorrect citation for shooting at an unoccupied vehicle.[3]

## DISPOSITION

The judgment is modified to reflect a five-year gang enhancement under section 186.22, subdivision (b)(1)(B). The abstract of judgment shall be modified to reflect a conviction for shooting a firearm in a grossly negligent manner (§ 246.3) and shooting at an unoccupied vehicle (§ 247, subd. (b)). In all other respects, the judgment is affirmed.

FLIER, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

_____

[3]      Applying *Ahmed*, the court in *People v. Calderon* held a single act may be used as an element of a substantive offense and as a basis for an enhancement. (*People v. Calderon* (2013) 214 Cal.App.4th 656, 663.) Thus, to the extent defendant is arguing he cannot be convicted of an aggravated assault and an enhancement, *Calderon* demonstrates his argument lacks merit.