Filed 10/17/14  P. v. Greenwood CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B253459 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA407386) |
| v. | |
| NATHANIEL ALBERT GREENWOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury found appellant Nathaniel Albert Greenwood guilty on two counts of attempted murder, the trial court orally imposed a cumulative sentence of 53 years to life plus 30 years in state prison. Appellant's sole contention is that the minute order from the sentencing hearing and the abstract of judgment do not accurately reflect his sentence. Because the sentencing minute order and the abstract of judgment contain the errors identified by appellant, we direct the correction of those errors, and affirm the judgment.

**RELEVANT PROCEDURAL HISTORY**

On October 7, 2013, an amended information was filed, charging appellant in counts 1 and 2 with the attempted willful, deliberate, and premeditated murder of Natisha Virginia C. and Jane Doe, a fetus (Pen. Code, §§ 187, subd. (a), 664)).[1] Each count alleged that appellant personally discharged a handgun (§ 12022.53, subds. (b), (c)); in addition, under count 2, the amended information alleged that appellant's personal discharge of a handgun caused great bodily injury (§ 12022.53, subd. (d)). Also accompanying the charges were allegations that appellant had suffered one prior felony conviction constituting a serious felony (§ 667, subd. (a)(1)) and a strike under the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12, subd. (b), for which he had served a prison term (§ 667.5, subd. (a)). Appellant pleaded not guilty and denied the special allegations.

A jury found appellant guilty as charged, and found the gun use allegations to be true. After finding the prior conviction allegations to be true, the trial court sentenced appellant to 53 years to life plus 30 years in prison. This appeal followed.

---

[1] All statutory citations are to the Penal Code.

# DISCUSSION[2]

Appellant contends the sentencing minute order and the abstract of judgment do not accurately reflect the trial court's oral pronouncement of his sentence. As explained below, we agree.

"In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment. [Citation.] To the extent a minute order diverges from the sentencing proceedings it purports to memorialize, it is presumed to be the product of clerical error. [Citation.] Likewise, the abstract of judgment '"cannot add to or modify the judgment which it purports to digest or summarize."' [Citations.] As with other clerical errors, discrepancies between an abstract and the actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing court when detected on appeal. [Citation.]" (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

At the sentencing hearing, the trial court orally imposed a cumulative sentence of 53 years to life plus 30 years, comprising a sentence of 39 years to life plus 5 years on count 1, and a consecutive sentence of 14 years to life plus 20 years on count 2. Regarding count 1, the court imposed a term of seven years to life on count 1, doubled that term pursuant to the Three Strikes law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), and added a term of 25 years to life pursuant to section 12022.53, subdivision (d), plus a 5-year enhancement pursuant to section 667, subdivision (a)(1). Regarding count 2, the court imposed a term of seven years to life, doubled that term pursuant to the Three Strikes law, and added a term

---

[2]     As appellant's sole contention concerns whether the sentencing minute order and the abstract of judgment misstate his sentence, we omit a summary of the evidence presented at trial. (*People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2; *People v. McNeely* (1994) 28 Cal.App.4th 739, 742.)

of 20 years pursuant to section 12022.53, subdivision (c), plus a 5-year enhancement pursuant to section 667, subdivision (a)(1).

Appellant maintains that the minute order from the sentencing hearing and the abstract of judgment contain errors regarding three aspects of his sentence. Respondent concedes the existence of those errors.

First, regarding both counts, the minute order and the abstract of judgment reflect the imposition of a one-year enhancement under section 667.5, subdivision (b), in addition to the five-year enhancement under section 667, subdivision (a)(1). However, the trial court orally imposed no one-year enhancements pursuant to section 667.5, subdivision (b); furthermore, as our Supreme Court has explained, when both types of enhancement are predicated on the same offense, only the five-year enhancement may be imposed (*People v. Jones* (1993) 5 Cal.4th 1142, 1150). Accordingly, the minute order and the abstract of judgment err in stating that appellant's sentences for counts 1 and 2 each include a one-year enhancement under section 667.5, subdivision (b).

Second, regarding both counts, the minute order and the abstract of judgment reflect gun use enhancements under section 12022.53 not orally imposed by the court. Regarding count 1, they state that the court imposed a 10-year enhancement (§ 12022.53, subd. (b)) and a 20-year enhancement (§ 12022.53., subd. (c)), in addition to the term of 25 years to life (§ 12022.53, subd. (d)) reflected in the reporter's transcript of the sentencing hearing. Furthermore, regarding count 2, they state that the court imposed a 10-year enhancement (§ 12022.53, subd. (b)), in addition to the 20-year enhancement (§ 12022.53., subd. (c)) reflected in that transcript. Because section 12022.53, subdivision (f), provides that only one term of imprisonment set forth in the statute -- namely, "the longest term" -- may be imposed for each crime, the additional enhancements

could not be imposed.  Those entries in the minute order and the abstract of judgment are therefore erroneous.

Third, the minute order and the abstract of judgment misdescribe appellant's cumulative sentence, which is 53 years to life plus 30 years.  The sentencing minute order states that the total term under count 1 is 75 years and the total term under count 2 is 50 years, resulting in a cumulative term of 125 years; furthermore, the prison time set forth in the abstract of judgment amounts to 53 years to life plus 72 years.  In sum, the sentencing minute order and the abstract of judgment must be amended to correct the errors identified above.

## DISPOSITION

The trial court is directed to correct the sentencing minute order to reflect that no one-year enhancements (§ 667.5, subd. (b)) or 10-year enhancements (§ 12022.53, subd. (b)) were imposed on count 1 and 2; that no 20-year enhancement (§ 12022.53., subd. (c)) was imposed on count 1; that the sentence imposed on count 1 totals 39 years to life plus 5 years; that the sentence imposed on count 2 totals 14 years to life plus 25 years; and that the cumulative sentence is 53 years to life plus 30 years.  The trial court is further directed to prepare an amended abstract of judgment reflecting the corrections stated above, and to forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.

We concur:


EPSTEIN, P. J.


COLLINS, J.