Filed 5/24/16  P. v. Erwin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079585 |
| Plaintiff and Respondent, | (Super. Ct. No. CR105458) |
| v. | |
| SHANNON ELIZABETH ERWIN, | |
| Defendant and Appellant. | |

Defendant Shannon Elizabeth Erwin contends her conviction for transporting methamphetamine should be vacated based upon recent amendments to Health and Safety Code sections 11377 and 11379.[1]  She also challenges a prior drug conviction enhancement and a section 11590 registration probation requirement.  Because

---

[1]    Undesignated statutory references are to the Health and Safety Code.

defendant's contentions challenge the validity of her plea and she lacks a certificate of probable cause, we dismiss her appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2010, police found 0.64 grams of methamphetamine in defendant's car. Defendant pleaded no contest to a single felony count of transporting methamphetamine and admitted a prior drug conviction. (§§ 11379, subd. (a), 11370.2, subd. (c).) In exchange, the court suspended imposition of sentence and granted defendant three years' Proposition 36 probation, including a condition requiring her to register pursuant to section 11590. (Pen. Code, § 1210.1, subd. (a).) In her plea form, defendant specified she understood, as a result of her plea, she would be required to register pursuant to section 11590. Also, the trial court noted as it entered defendant's plea, "Defendant has acknowledged receiving the information regarding her responsibility to register" pursuant to section 11590.

In 2014, defendant admitted to violating probation. The trial court terminated defendant's Proposition 36 probation and placed defendant on three years' formal probation.

In June 2015, defendant moved to vacate her conviction for transporting methamphetamine based on amendments to section 11379. The trial court denied defendant's motion, reasoning the judgment against defendant was final. Defendant appeals.

DISCUSSION

When defendant entered her plea, section 11379, subdivision (a) provided "every person who *transports* . . . any controlled substance . . . shall be punished . . . for a period of two, three, or four years." (Italics added.) Courts interpreted "transport" in section 11379 to mean any movement of the drug, even for one's personal use. (See, e.g., *People v. Rogers* (1971) 5 Cal.3d 129, 134.) But, effective January 1, 2014, the Legislature

2

added an additional element to the offense, requiring transportation be for the purpose of sale.  (§ 11379, subd. (c); see Stats. 2013, ch. 504, § 2.)

Defendant contends her case did not involve transportation of methamphetamine for sale and asks us to overturn her conviction so she may receive the benefit of the 2014 amendment.  (See *In re Estrada* (1965) 63 Cal.2d 740, 745 [amended statutes applied in determining punishment and eligibility for parole]; see also *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72 [the defendant is entitled to benefit of an amendment adding a new element to an enhancement where Legislature did not preclude its effect to pending cases]; *People v. Howard* (1997) 16 Cal.4th 1081, 1087 [the defendant's conviction not final for purposes of the *Estrada* retroactive analysis when court suspends imposition of the defendant's sentence and the defendant remains on probation].)

A defendant appealing from a judgment of conviction upon a plea of no contest must obtain a certificate of probable cause from the trial court, unless the appeal is based on the denial of a suppression motion or on "[g]rounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court,[2] rule 8.304(b); Pen. Code, § 1237.5.)  Courts must apply these rules "in a strict manner."  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)

When determining whether a certificate of probable cause is required, courts look to the substance of the error being challenged, not the time at which the hearing was conducted or the manner in which the challenge is made.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)  "[T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of [Penal Code] section 1237.5."  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, original italics.)  "[A]n attack upon an integral part of the plea agreement 'is, in

---

**2**        Undesignated rule references are to the California Rules of Court.

substance, a challenge to the validity of the plea . . . .' " (*People v. Johnson, supra*, 47 Cal.4th at pp. 678-679.)

Although defendant claims to raise a legal issue attacking only the judgment, in substance her contentions dispute the factual basis underlying her no contest plea. Rather than decriminalizing all transportation of illegal substances, the 2014 amendment modified section 11379 to require proof defendant was transporting an illegal substance for sale, rather than for personal use. By arguing her conviction should be overturned after the 2014 amendments, defendant is in essence arguing there is insufficient proof she was transporting the methamphetamine for sale. (Compare *People v. Figueroa, supra*, 20 Cal.App.4th at pp. 71-72 [remanding to give the People the opportunity to prove amended enhancement for selling drugs near a school, where amendment required proof school was in session or minors were using drugs, and no such proof was introduced at trial] with *People v. Rossi* (1976) 18 Cal.3d 295 [reversing the defendant's five convictions for oral copulation with another consenting adult after such acts were decriminalized], *People v. Roberts* (1994) 24 Cal.App.4th 1462 [striking one-year enhancement for robbery involving property worth $29,500, when enhancement was increased from $25,000 to $50,000], and *People v. Vasquez* (1992) 7 Cal.App.4th 763 [striking enhancement for use of pellet gun during a robbery, when amendment eliminated pellet guns from the firearm definition].)

A defendant challenging the factual basis for her no contest plea " 'is properly viewed as [challenging] the validity of the plea itself.' [Citation.]" (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1187.) Because defendant failed to obtain a certificate of probable cause as required under section 1237.5, her challenge is barred.

Given our conclusion that defendant's challenge of her conviction under section 11379 is inoperative, we need not reach the issue of whether to reverse defendant's prior drug conviction enhancement.

4

Defendant's failure to obtain a certificate of probable cause also bars her challenge to the section 11590 registration probation condition. "[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself," and requires a certificate of probable cause. (*People v. Panizzon, supra*, 13 Cal.4th at p. 79.)

The section 11590 registration requirement was a term of defendant's negotiated plea agreement. It was referenced in the probation order, which she signed before entering her plea. She also agreed in her plea declaration she understood she would be required to register pursuant to section 11590. In addition, defendant acknowledged to the trial court during her plea that she received "the information regarding her responsibility to register" pursuant to section 11590. Defendant failed to obtain a certificate of probable cause and hence her appeal will be dismissed.

Moreover, even if we were to reach the issue, we would conclude defendant agreed to the requirement and therefore cannot challenge it now. "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a specified sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295, italics omitted.)

DISPOSITION

The appeal is dismissed.

      NICHOLSON      , Acting P. J.

We concur:

      MURRAY      , J.

      RENNER      , J.