Filed 5/31/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN LEONARD SHARP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | S190646 |
| v. | ) | |
| | ) | Ct.App. 2/6 B222025 |
| THE SUPERIOR COURT OF VENTURA | ) | |
| COUNTY, | ) | |
| | ) | Ventura County |
| Respondent; | ) | Super. Ct. No. 2008014330) |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

When the defendant in a criminal action has placed his or her mental state at issue through the proposed testimony of a mental health expert, Penal Code section 1054.3, subdivision (b)(1)[1] authorizes the trial court to order the defendant to submit to examination by an expert retained by the prosecution.  In this case, we decide whether that statutory authority extends to a defendant who has pleaded not guilty by reason of insanity (NGI) and proposes to call a mental health expert on the issue of sanity.  (See § 1027.)

We conclude section 1054.3, subdivision (b)(1) (hereafter section 1054.3(b)(1)) does apply in these circumstances.  By its terms, the statute

---

[1] All further unspecified statutory references are to the Penal Code.

1

authorizes an order compelling examination by a prosecution-retained expert "whenever . . . at any phase of the criminal action" the defense has proposed its own expert testimony on mental state, "[*u*]*nless otherwise specifically addressed by an existing provision of law*." (Italics added.) Section 1027, which governs the adjudication of an NGI plea, specifically addresses the defendant's examination by *court-appointed* experts, but not by *prosecution-retained* experts, the subject of section 1054.3(b)(1). The exception in section 1054.3(b)(1) therefore does not pertain, and the statute as a whole applies.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Calvin Leonard Sharp is charged with several felonies, including murder with special circumstances, though the People have stated they are not seeking the death penalty. (§§ 187, 190.2, subd. (a)(17).) Petitioner initially pleaded not guilty to the offenses, as well as NGI, but later withdrew the not guilty plea, leaving only the issue of sanity for trial, and waived his right to a jury trial on that issue. The defense disclosed to the prosecution reports of four mental health experts who opined on petitioner's sanity at the time of the offenses. In addition, the court appointed two mental health experts under section 1027; their reports, as well as those of the defense experts, were introduced by stipulation at the court trial on sanity.

The People moved under section 1054.3(b)(1) to have petitioner examined by a prosecution-retained expert, and the trial court granted the motion. Petitioner sought a writ of mandate or prohibition from the Court of Appeal to prevent the compelled examination but, after issuing an order to show cause, the Court of Appeal denied the petition, holding section 1054.3(b)(1) applied to sanity proceedings.

We granted petitioner's petition for review and stayed both the order compelling an examination and the sanity trial pending further order of this court.

2

**DISCUSSION**

Under the California law of reciprocal discovery in criminal cases, the defense must disclose before trial the witnesses it intends to call, including expert witnesses, as well as reports of experts, including the results of mental health examinations. (§ 1054.3, subd. (a)(1).) In *Verdin v. Superior Court* (2008) 43 Cal.4th 1096 (*Verdin*), this court held that the defense's disclosure of a potential mental state defense did not justify an order compelling the defendant to submit to examination by a prosecution expert. We reasoned that mandatory criminal discovery is limited to that provided by statutory or federal constitutional authority (§ 1054, subd. (e)), and no such authority provided for a compelled mental health examination of a defendant. (*Verdin*, at pp. 1106-1116.) We explained that, while the court had no authority to create a rule allowing a compelled examination as discovery, "[t]he Legislature remains free, of course, to establish such a rule within constitutional limits." (*Id.* at p. 1116, fn. 9.)

The Legislature responded to *Verdin* by amending section 1054.3 to add a new subdivision (b), expressly authorizing orders for compelled examination. (Stats. 2009, ch. 297, § 1.) Subdivision (b)(1) of the amended statute provides that "[u]nless otherwise specifically addressed by an existing provision of law, whenever a defendant in a criminal action . . . places in issue his or her mental state at any phase of the criminal action . . . through the proposed testimony of any mental health expert, upon timely request by the prosecution, the court may order that the defendant . . . submit to examination by a prosecution-retained mental health expert."[2]

---

[2]     In its entirety, section 1054.3, subdivision (b) provides: "(1) Unless otherwise specifically addressed by an existing provision of law, whenever a defendant in a criminal action or a minor in a juvenile proceeding brought

*(footnote continued on next page)*

The trial court's appointment of mental health experts to testify as to a defendant's sanity, after a plea of NGI, is governed by section 1027. Under that provision, when a defendant pleads NGI, the court selects and appoints two or, at the court's option, three psychiatrists or psychologists to examine the defendant and testify, if called, at a sanity trial. (§ 1027, subd. (a).) Section 1027 expressly does not preclude "any party to any criminal action from producing any other

_____

*(footnote continued from previous page)*

pursuant to a petition alleging the juvenile to be within Section 602 of the Welfare and Institutions Code places in issue his or her mental state at any phase of the criminal action or juvenile proceeding through the proposed testimony of any mental health expert, upon timely request by the prosecution, the court may order that the defendant or juvenile submit to examination by a prosecution-retained mental health expert. [¶] (A) The prosecution shall bear the cost of any such mental health expert's fees for examination and testimony at a criminal trial or juvenile court proceeding. [¶] (B) The prosecuting attorney shall submit a list of tests proposed to be administered by the prosecution expert to the defendant in a criminal action or a minor in a juvenile proceeding. At the request of the defendant in a criminal action or a minor in a juvenile proceeding, a hearing shall be held to consider any objections raised to the proposed tests before any test is administered. Before ordering that the defendant submit to the examination, the trial court must make a threshold determination that the proposed tests bear some reasonable relation to the mental state placed in issue by the defendant in a criminal action or a minor in a juvenile proceeding. For the purposes of this subdivision, the term 'tests' shall include any and all assessment techniques such as a clinical interview or a mental status examination. [¶] (2) The purpose of this subdivision is to respond to Verdin v. Superior Court 43 Cal.4th 1096, which held that only the Legislature may authorize a court to order the appointment of a prosecution mental health expert when a defendant has placed his or her mental state at issue in a criminal case or juvenile proceeding pursuant to Section 602 of the Welfare and Institutions Code. Other than authorizing the court to order testing by prosecution-retained mental health experts in response to Verdin v. Superior Court, supra, it is not the intent of the Legislature to disturb, in any way, the remaining body of case law governing the procedural or substantive law that controls the administration of these tests or the admission of the results of these tests into evidence."

expert evidence with respect to the mental status of the defendant . . . ." (*Id.*, subd. (d).)

Section 1054.3(b)(1) does not expressly include or exclude a sanity trial as an occasion for which a compelled examination may be ordered. It applies, however, "whenever" the defendant places his or her mental state at issue "at any phase of the criminal action." The trial on a plea of NGI is frequently referred to as a "phase" of the criminal action. (See, e.g., *People v. Smith* (2007) 40 Cal.4th 483, 494-495; *People v. Jablonski* (2006) 37 Cal.4th 774, 786; *People v. Wright* (2005) 35 Cal.4th 964, 971; *People v. Coddington* (2000) 23 Cal.4th 529, 601.) The broadly inclusive language of section 1054.3(b)(1)—"whenever . . . at any phase of the criminal action"—thus impliedly encompasses trial of the defendant's sanity after an NGI plea.

Expressly excepted from the reach of section 1054.3(b)(1) are circumstances in which the subject of that statute, the defendant's compelled examination by a prosecution-retained expert, is "otherwise specifically addressed by an existing provision of law." We conclude the trial of an NGI plea is not such a circumstance.

Section 1027 addresses only the selection and appointment of mental health experts *by the trial court.* Indeed, subdivision (d) of section 1027 disclaims for the section any effect on *the parties'* presentation of evidence produced by their own retained experts. In contrast, the subject of section 1054.3(b)(1) is the examination of the defendant by an expert selected and retained *by the prosecution.* Although the list of tests to be administered by the prosecution expert is subject to judicial review (§ 1054.3, subd. (b)(1)(B)), the court is given no role in selecting the expert, whose fees are paid by the prosecution (§ 1054.3, subd. (b)(1)(A)). Section 1027 does not "specifically address[]" the same subject as section 1054.3(b)(1).

To be sure, our decision in *Verdin*, in response to which section 1054.3(b)(1) was enacted, concerned a proposed "diminished actuality" defense to guilt rather than an NGI plea. (*Verdin*, *supra*, 43 Cal.4th at p. 1101.) But when the Legislature amended section 1054.3 to supply the statutory authorization for compelled examinations we found lacking in *Verdin*, it did not limit its authorization to guilt phase mental defenses. Rather, the Legislature broadly authorized examination by a prosecution-retained expert whenever the defendant has put his or her mental condition at issue "at any phase of the criminal action." (§ 1054.3(b)(1).) Although prompted by *Verdin*, the 2009 amendment to section 1054.3 does not by its terms confine its application to the circumstances of that case.

Nor does anything in the available legislative history of the 2009 bill amending section 1054.3 suggest it was intended to be limited to guilt phase defenses. Indeed, bill analyses by policy committees of both legislative houses cited *People v. McPeters* (1992) 2 Cal.4th 1148, 1190 and *People v. Carpenter* (1997) 15 Cal.4th 312, 412-413, both involving *penalty phase* mental defenses, as pre-*Verdin* precedents recognizing trial courts' authority to order compelled examinations—authority the bill proposed to restore. (Assem. Com. on Public Safety, analysis of Assem. Bill No. 1516 (2009-2010 Reg. Sess.) as amended Apr. 20, 2009, p. 3; Sen. Com. on Public Safety, analysis of Assem. Bill No. 1516 (2009-2010 Reg. Sess.) as amended June 29, 2009, p. G.)

Moreover, the same committee reports quote a passage from *Estelle v. Smith* (1981) 451 U.S. 454, 468, to the effect that federal courts have held a compelled " 'sanity examination' " is constitutionally permitted when the defendant " 'asserts the insanity defense and introduces supporting psychiatric testimony.' " (Assem. Com. on Public Safety, analysis of Assem. Bill No. 1516 (2009-2010 Reg. Sess.) as amended Apr. 20, 2009, p. 6; Sen. Com. on Public

6

Safety, analysis of Assem. Bill No. 1516 (2009-2010 Reg. Sess.) as amended June 29, 2009, p. J.)  Immediately following the quote, the reports add:  "This bill requires courts to make the defendant available to the People when the defendant places his or her mental state in issue."  (*Ibid.*)  Though most directly intended to assure legislators the proposed amendment was constitutional, these passages also suggest the amendment's drafters viewed the amendment as authorizing examinations relating to NGI pleas as well as to guilt and penalty phase mental health defenses.

Read in isolation, section 1054.3(b)(1)'s exception for existing statutes "specifically address[ing]" the same subject matter could perhaps be understood to encompass section 1027, since specificity is a relative quality and section 1027's provisions for court appointment of experts when a defendant pleads NGI are at least related to section 1054.3(b)(1)'s authorization of orders for examination by a prosecution-retained expert.  In context, however, such a reading is not reasonable.  Had the Legislature meant to exclude discovery in sanity phase proceedings from the scope of section 1054.3(b)(1), it would not have expressly stated the statute applies "at any phase of the criminal action."  Together with the legislative history suggesting the Legislature anticipated section 1054.3(b)(1) would apply to proceedings other than guilt trials, and particularly to NGI trials, that express statutory language precludes a conclusion that the exception for existing statutes specifically addressing the same subject was intended as a reference to section 1027.

Petitioner argues that section 1027's provision for court appointment of independent experts is an "effective and economical means of controverting defense evidence" and is "sufficient to protect the rights of the People."  Petitioner may be correct that in general the People have less need for an examination by their own expert when the defendant has pleaded NGI, requiring the court to

7

appoint its own expert examiners under section 1027, than where, as in *Verdin*, *supra*, 43 Cal.4th 1096, the defense proposes to present a mental health defense to guilt through its own retained experts. But the need for, or wisdom of, section 1054.3(b)(1)'s authorization for compelled examination is not the question before us. Even if we agreed with petitioner as to the lack of need for it, we could not ignore the statute's broadly inclusive language authorizing a compelled examination "whenever" the defendant has put his or her mental state at issue "at any phase of the criminal action" through the proposed testimony of a mental health expert. (§ 1054.3(b)(1).)

Sections 1027 and 1054.3(b)(1) are in no way inconsistent; indeed, when a defendant pleads NGI the two statutes appear to operate in a complementary manner. Under section 1027, court appointment of experts to evaluate the defendant is mandatory. Under section 1054.3(b)(1), the court *may* grant the People's motion to compel a further examination by a prosecution-retained expert. In deciding how to exercise its section 1054.3(b)(1) discretion, the trial court may consider the extent to which such an additional examination is needed, in light of any existing court appointments, to rebut the defense's proposed expert testimony. That appointments have already been made under section 1027 thus may influence, but does not preclude, the decision to order an examination under section 1054.3(b)(1).

We therefore conclude the Court of Appeal was correct in holding section 1054.3(b)(1) authorized the trial court to order defendant examined by a prosecution-retained mental health expert.

8

## DISPOSITION

The judgment of the Court of Appeal is affirmed.  Our stays of the order compelling examination and the sanity trial, issued on May 5, 2011, are dissolved.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**KENNARD, J.**
**BAXTER, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**

9

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Sharp v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 191 Cal.App.4th 1280
**Rehearing Granted**

_____

**Opinion No.** S190646
**Date Filed:** May 31, 2012

_____

**Court:** Superior
**County:** Ventura
**Judge:** Kevin G. DeNoce

_____

**Counsel:**

Duane A. Dammeyer and Stephen P. Lipson, Public Defenders, and Michael C. McMahon, Chief Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Gregory D. Totten, District Attorney, and Lisa O. Lyytikainen, Deputy District Attorney, for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael C. McMahon
Chief Deputy Public Defender
800 S. Victoria Avenue, HOJ-207
Ventura, CA  93009
(805) 477-7114

Lisa O. Lyytikainen
Deputy District Attorney
800 S. Victoria Avenue
Ventura, CA  93009
(805) 654-2710