Filed 5/21/14  P. v. Sharp CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALVIN LEONARD SHARP,<br><br>    Defendant and Appellant. | 2d Crim. No. B245525<br>(Super. Ct. No. 2008014330)<br>(Ventura County) |

Calvin Leonard Sharp appeals the judgment entered after he pled guilty to first degree murder (Pen. Code,[1] §§ 187, subd. (a), 189), two counts each of attempted willful, deliberate, premeditated murder (§§ 187, subd. (a), 664) and aggravated mayhem (§ 205), and cruelty to an animal (§ 597).  Appellant admitted allegations that (1) the murder was committed while he was engaged in the commission of burglary and mayhem (§ 190.2, subds. (a)(17)(G), (a)(17)(J)); (2) he used a deadly weapon in committing the murder, attempted murder, and aggravated mayhem counts; and (3) the attempted murder and aggravated mayhem victims suffered great bodily injury (§ 12022.7).  After he

---

[1] All further undesignated statutory references are to the Penal Code.

waived his right to a jury on the sanity phase of his trial, the trial court found appellant was legally sane when the crimes were committed.[2]

Appellant was sentenced to a total term of life without the possibility of parole plus two consecutive life terms and 10 years, consisting of life without the possibility of parole on the murder count, two consecutive terms of life on the attempted murder counts plus consecutive terms of two years on each of four attendant enhancement allegations, and a consecutive two-year term on the animal cruelty count. Sentences on the remaining counts were stayed under section 654. Appellant was also ordered to pay a $10,000 restitution fine (§ 1202.4, subd. (b)) and $72,321 in victim restitution (§ 1202.4, subd. (f)), and was awarded 1,942 presentence custody credits. Although it was not orally pronounced at sentencing, the minute order and abstract of judgment reflect a stayed $10,000 parole revocation fine (§ 1202.45).

Appellant contends that the minute order of the sentencing hearing and the abstract of judgment must be corrected to reflect that he was sentenced to life with the possibility of parole on the attempted murder and aggravated mayhem counts, rather than life without the possibility of parole.[3] The People concede the error.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Moreover, an unauthorized sentence is subject to correction at any time. (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.) Here, the reporter's transcript of the sentencing hearing reflects that the court imposed the statutorily-prescribed sentences of life with the possibility of parole on the

---

[2] Appellant initially pled not guilty and not guilty by reason of insanity. After the trial court granted the prosecution's motion to compel appellant to submit to a mental examination by a prosecution expert, appellant petitioned for a writ of mandate. We concluded the order was authorized by section 1054.3, subdivision (b)(1), and accordingly denied the petition. The Supreme Court affirmed. (*Sharp v. Superior Court* (2012) 54 Cal.4th 168, 172, 176.)

[3] Appellant raises only sentencing issues, so a statement of facts is unnecessary. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2; *People v. McNeely* (1994) 28 Cal.App.4th 739, 742.)

attempted murder and aggravated mayhem counts. (§§ 205, 664, subd. (a).) The minute order of the sentencing hearing, however, erroneously states that appellant was sentenced to life *without* the possibility of parole on the attempted murder counts (counts 2 and 4) and one of the aggravated mayhem counts (count 3). The abstract of judgment erroneously indicates that appellant was sentenced to life without the possibility of parole on the attempted murder counts and both aggravated mayhem counts (counts 2 through 5). We shall order that these errors be corrected.

Appellant further contends that the $10,000 parole revocation fine referred to in the minute order and abstract of judgment should be stricken because the court did not orally impose the fine and appellant's sentence includes a term of life without the possibility of parole. The People respond that the fine is mandatory notwithstanding appellant's indeterminate sentence because he was also sentenced to a determinate term of two years on the animal cruelty count. We agree with the People. (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075.) Because the parole revocation fine was mandatory, we need not remand for the court to orally pronounce its imposition. (See *People v. Smith* (2001) 24 Cal.4th 849, 854 [trial court's erroneous failure to impose parole revocation fine under section 1202.45 can be corrected on appeal without the need for remand].)

The People also ask us to order the judgment modified to reflect the imposition of mandatory assessments on each of appellant's six counts of conviction. They correctly note that the court should have imposed a $30 criminal conviction assessment on each count under Government Code section 70373 (*People v. Lopez* (2010) 188 Cal.App.4th 474, 480), and a $40 court security assessment on each count pursuant to section 1465.8 (*People v. Roa* (2009) 171 Cal.App.4th 1175, 1181). We shall order the judgment modified accordingly.

## DISPOSITION

The judgment is modified to include $180 in criminal conviction assessments (Gov. Code, § 70373) and $240 in court security assessments (§ 1465.8, subd. (a)). The abstract of judgment and minute order are corrected to reflect sentences of life with the possibility of parole on counts 2 through 5. The superior court clerk is

3

directed to prepare and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____


Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Jonathan J. Kline, Deputy Attorney General, for Plaintiff and Respondent.