Filed 2/18/25  P. v. Solis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087091 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CR-01901B, 21CR-05205) |
| v. | |
| ERIK CHAVEZ SOLIS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from judgments of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Snauffer, J.

Defendant Erik Chavez Solis contends on appeal that the judgment in case No. 20CR-09101B (Case 1) must be reversed and the sentence in case No. 21CR-05205 (Case 2) must be vacated and the matters remanded to the trial court to allow the parties to withdraw from the plea agreements in both cases and proceed in light of Assembly Bill No. 333's (2021–2022 Reg. Sess.) (Assembly Bill 333) amendments to Penal Code section 186.22.[1]  (Stats. 2021, ch. 699, § 3.)  Defendant argues Assembly Bill 333's amendments to section 186.22 retroactively apply to Case 1, which alleged a gang enhancement pursuant to section 186.22, subdivision (a) (the gang enhancement), and to Case 2, which alleged defendant's conviction in Case 1 was a prior strike conviction based on the gang enhancement.

The People argue the judgments in both cases must be reversed and the matters remanded, but for different reasons.  The People agree that Assembly Bill 333's amendments to section 186.22 retroactively apply to Case 1, and the gang enhancement and the plea agreement in that case thus must be vacated.  Accordingly, the People contend the judgment in Case 1 must be reversed and the matter remanded to allow the parties to proceed under amended section 186.22 in the positions they occupied before entering into the plea agreement.  The People further contend that, while Assembly Bill 333 does not retroactively apply to Case 2 because these charges occurred after Assembly Bill 333's enactment, the judgment in that case must nonetheless also be reversed and the matter remanded because the plea agreement in that case is deficient.

We reverse the judgments in both cases, and remand for further proceedings.

---

[1]      All statutory references are to the Penal Code unless otherwise noted.

**PROCEDURAL SUMMARY**

*Case 1*

On May 21, 2020, the Merced County District Attorney filed an information charging defendant with participation in a criminal street gang (§ 186.22, subd. (a); count 5),[2] possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6), and accessory after the fact (§ 32; count 7).[3] As to counts 6 and 7, the information alleged that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)) ("the gang enhancement").

On November 17, 2020, defendant pleaded no contest to the firearm possession charge in count 6 and admitted the gang enhancement, making the offense a strike offense, in exchange for the dismissal of counts 5 and 7.[4] The trial court placed defendant on three years of probation with a condition that defendant serve 364 days in jail.[5] The same day, the court issued credit for time served and released defendant on probation. Defendant did not appeal.

On July 21, 2021, the probation officer alleged defendant violated the terms of his probation by failing to appear and, on July 27, 2021, the trial court revoked probation.

---

[2]  Counts 5–7 in Case 1 run consecutively to counts 1–4 in Case 2.

[3]  Defendant's two codefendants were each charged with attempted premeditated murder (§§ 664/187, subd. (a); count 1), shooting at an inhabited dwelling (§ 246; counts 2, 3, & 4), and participation in a criminal street gang (§ 186.22, subd. (a); count 5), with associated enhancements. Both codefendants were also charged with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and a gang enhancement (§ 182.22, subd. (b)(1)(A); count 6).

[4]  Defendant acknowledges his conviction and admission would amount to a strike under the "Three Strikes" law. (See §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d), 1192.7, subd. (c)(28).)

[5]  Defendant agreed to a waiver of credits under section 19.2.

On October 20, 2021, defendant was arrested on various charges, including firearm violations, and was arraigned on October 29, 2021, for violating his probation in Case 1. This arrest later formed the basis for Case 2.

On April 3, 2023, defendant filed a motion to vacate the judgment in Case 1, arguing the gang enhancement (§ 186.22, subd. (b)(1)(A)) was no longer valid pursuant to Assembly Bill 333's amendments to section 186.22. A ruling on the motion does not appear in the record.

On May 8, 2023, defendant filed a petition for writ of habeas corpus in Case 1, arguing the gang enhancement (§ 186.22, subd. (b)(1)(A)) was no longer valid pursuant to Assembly Bill 333.

On June 30, 2023, the trial court denied the petition on the ground that Case 1 was final at that time.

On August 2, 2023, defendant filed a petition for writ of mandate in Case 1, arguing the gang enhancement (§ 186.22, subd. (b)(1)(A)) was no longer valid pursuant to Assembly Bill 333.

On August 15, 2023, this petition was denied by the trial court because the writ was not filed in the proper court and because defendant failed to show what duty the court had not fulfilled.

***Case 2***

On October 25, 2021, the Merced County District Attorney filed a complaint charging defendant with fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2; count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), possession of ammunition by a felon (§ 30305, subd. (a)(1); count 3), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 4). As to counts 1 through 3, the complaint alleged defendant had suffered a prior serious or violent felony within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d), 668) in Case 1.

*Sentencing*

On October 2, 2023, both cases were resolved by plea agreements.

In Case 1, defendant admitted he violated probation. On count 6, he was sentenced to 16 months (the low term), plus two years (the low term) on the gang enhancement (§ 186.22, subd. (b)(1)(A)), for a total of three years four months, with credit for time served.

In Case 2, defendant pleaded no contest on count 2 (firearm possession), with the remaining counts dismissed. Although he agreed as part of the terms of the plea that he would admit the strike allegation, at the hearing he was not asked if he had suffered the alleged prior conviction and did not admit the allegation. He admitted the Case 1 probation violation. Defendant was sentenced to a consecutive term of 16 months (one-third the midterm, doubled pursuant to the Three Strikes law), with credit for time served. Defendant was released on postrelease community supervision.

On October 26, 2023, defendant filed a notice of appeal in both Case 1 and 2.[6]

## DISCUSSION[7]

### I.  CASE 1

The parties agree that Assembly Bill 333's amendments to section 186.22 apply retroactively to Case 1, and accordingly, the judgment in that case must be reversed and the matter remanded to the trial court to allow the parties to withdraw from the plea agreement. We agree Assembly Bill 333 applies retroactively to Case 1 and remand for further proceedings.

---

[6]  Defendant's request for a certificate of probable cause was neither granted nor denied.

[7]  We omit the underlying facts, as they are irrelevant to defendant's appeal.

### A. Law

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 regarding the showing necessary to prove gang offenses and enhancements. (Stats. 2021, ch. 699, § 3.) Assembly Bill 333 narrowed the definition of a " 'criminal street gang' " (§ 186.22, subd. (f)), modified the " 'pattern of criminal gang activity' " element of the gang enhancement (§ 186.22, subd. (e)), and clarified that to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational." (§ 186.22, subd. (g)).

Assembly Bill 333 also added section 1109. Section 1109 requires that, if requested by the defendant, the trial of a gang enhancement charged under section 186.22, subdivision (b), be bifurcated from and follow trial of the underlying offenses (§ 1109, subd. (a); Stats. 2021, ch. 699, § 5, pp. 11–12).

Further, Assembly Bill 333 amended section 186.22, subdivision (b)(3), effective January 1, 2023, to provide that the sentencing court "shall order the imposition of the middle term of the sentence enhancement, unless there are circumstances in aggravation or mitigation." (Stats. 2021, ch. 699, § 4, p. 10.)

Questions of retroactivity and statutory interpretation are reviewed de novo. (*In re David C.* (2020) 53 Cal.App.5th 514, 519.)

### B. Analysis

The parties agree that Assembly Bill 333's amendments to section 186.22, effective January 1, 2022, apply retroactively to defendant's conviction in Case 1 pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307–308 [discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the

amendment lessens punishment. (*Estrada*, *supra*, 63 Cal.2d at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Id*. at p. 745.)

While Assembly Bill 333 does not directly reduce punishment for a gang enhancement, the *Estrada* rule also applies where "an enhancement has been amended to redefine to an appellant's benefit the conduct subject to the enhancement" (*People v. Lopez* (2021) 73 Cal.App.5th 327, 344, disapproved on other grounds in *People v. Clark* (2024) 15 Cal.5th 743, 764, fn. 8) or modifies the elements of a penalty enhancement (*People v. Roberts* (1994) 24 Cal.App.4th 1462, 1466). Assembly Bill 333 changed the elements of the gang enhancement in a way that potentially favors the defendant, and nothing in the legislation rebuts the *Estrada* inference of retroactivity.

Under these authorities, the relevant amendments to section 186.22 apply retroactively to defendant's case because the ultimate judgment in Case 1 was not yet final. (See *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 822; *People v. E.H.* (2022) 75 Cal.App.5th 467, 478; *People v. Delgado* (2022) 74 Cal.App.5th 1067, 1087, disapproved on other grounds in *People v. Clark*, *supra*, 15 Cal.5th at p. 764, fn. 8.)

A presumption exists that our Legislature intends for ameliorative enactments to apply as broadly as is constitutionally permissible, and they apply to all nonfinal judgments. (*People v. Esquivel* (2021) 11 Cal.5th 671, 677, citing *Estrada*, *supra*, 63 Cal.2d at p. 745.) For purposes of the *Estrada* rule, finality occurs "when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired." (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.)

Our Supreme Court recently offered further clarification as to when a case becomes final for purposes of retroactivity under *Estrada* in *People v. Esquivel*, *supra*, 11 Cal.5th 671, where it concluded that the test for finality is "whether the criminal prosecution or proceeding as a whole is complete." (*Id*. at p. 679.) In *Esquivel*, the defendant was sentenced, but the execution of the sentence was suspended, and the

7.

defendant was placed on formal probation. (*Id*. at p. 673.) In *People v. McKenzie* (2020) 9 Cal.5th 40, the Supreme Court also stated that the question is whether the "criminal prosecution or proceeding concluded before the ameliorative legislation took effect." (*Id*. at p. 46.) In *McKenzie*, the trial court suspended the imposition of sentence and placed the defendant on formal probation. (*Id*. at p. 43.) In both *Esquivel* and *McKenzie*, neither defendant initially filed an appeal. After several years, however, the defendants in each case appealed after they were found to have violated their respective terms of probation and their sentences had been ordered into effect. (*Esquivel*, at p. 673; *McKenzie*, at p. 43.) The Supreme Court rejected the prosecution's argument in both *Esquivel* and *McKenzie* that the criminal judgments had already become final. Instead, the court concluded that because the defendants had been on probation, their criminal cases had not concluded and they were entitled to the benefits of intervening ameliorative legislation.[8] (See *Esquivel*, at pp. 679–680; *McKenzie*, at pp. 48–51; accord, *People v. Lopez* (2020) 57 Cal.App.5th 409, 414.)

Here, Assembly Bill 333's amendments to section 186.22 became effective January 1, 2022. At that time, in Case 1, as in *Esquivel* and *McKenzie*, defendant had been placed on probation and the probation had been revoked, but he had not yet received his final sentence. Accordingly, we agree with the parties that, under these circumstances, Case 1 was not yet final and Assembly Bill 333's amendments to section 186.22 apply retroactively to Case 1. Thus, we conclude the judgment in Case 1 must be reversed and the matter remanded for further proceedings.

---

[8]     Courts also consistently affirmed this principle before *Esquivel* and *McKenzie*. (See *Estrada*, *supra*, 63 Cal.2d at pp. 746–747 [finality when "prosecutions" are "reduced to final judgment"]; *People v. Rossi* (1976) 18 Cal.3d 295, 304 ["any such proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it"]; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 ["a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed"].)

## II.    CASE 2

Defendant contends the sentence in Case 2 must be vacated and the matter remanded to allow defendant to withdraw his plea based on retroactive application of Assembly Bill 333 to Case 1.

The People argue that Assembly Bill 333 does not retroactively apply in Case 2 because it was already in effect at the time defendant entered into the plea agreement.[9] However, the People contend that although Assembly Bill 333 does not retroactively apply in Case 2, the judgment in that case must nonetheless be reversed and the matter

---

[9]    As discussed above, the conviction making up defendant's strike offense (felon in possession of a firearm; § 28900, subdivision (a)(1)) with the gang enhancement (§ 186.22, subd. (b)(1)(A)) in Case 1 is subject to being vacated in this appeal based on Assembly Bill 333's amendments to section 186.22.  Currently, there is a split of authority on whether the application of Assembly Bill 333 retroactively alters a prior conviction's strike status.  Several courts have concluded that Assembly Bill 333 does not retroactively alter a prior conviction's strike status.  (*People v. Gonzalez* (2024) 98 Cal.App.5th 1300, review granted Apr. 10, 2024, S286060; *People v. Aguirre* (2023) 96 Cal.App.5th 488, review granted Jan. 10, 2024, S282840; *People v. Fletcher* (2023) 92 Cal.App.5th 1374, review granted Sept. 27, 2023, S281282; *People v. Scott* (2023) 91 Cal.App.5th 1176, review granted Sept. 27, 2023, S280776.)  These courts concluded the plain language of the Three Strikes law compels the conclusion that the status of defendant's prior conviction as a strike was fixed upon the date of his prior conviction. (§ 1170.12, subd. (b)(1); see § 667, subd. (d)(1); see also *Aguirre*, at p. 491.)  However, the Third District recently concluded, in contrast, that Assembly Bill 333 retroactively alters a prior conviction's strike status.  (*People v. Farias* (2023) 92 Cal.App.5th 619, review granted Sept. 27, 2023, S281027.)  The Supreme Court has taken the issue under review in *Fletcher*.  The issues for review in *Fletcher* are:  (1) whether Assembly Bill 333 amends the requirements for a true finding on a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)), or whether that determination is made on " 'the date of that prior conviction' " (see §§ 667, subds. (d)(1), 1170.12, subds. (b)(1)); and (2) whether Assembly Bill 333, which modified the criminal street gang statute (§ 186.22), unconstitutionally amended Proposition 21 and Proposition 36, if applied to strike convictions and serious felony convictions.  (See *Fletcher*, *supra*, 92 Cal.App.5th 1374.)  The People contend that Case 2 is unusual in light of the split in authority because the conviction making up the strike offense (felon in possession of a firearm; § 29800, subd. (a)(1)) with the gang enhancement (§ 186.22, subd. (b)(1)(A)) is subject to being vacated in this appeal based on Assembly Bill 333.

remanded for the trial court to permit the parties to withdraw from the plea agreement and proceed with the cases under section 186.22, as amended by Assembly Bill 333, because the conviction making up defendant's strike offense, felon in possession of a firearm (§ 29800, subd. (a)(1)) with the gang enhancement (§ 186.22, subd. (b)(1)(A)) (count 1 in Case 1), is subject to being vacated based on retroactive application of Assembly Bill 333 to Case 1, as discussed above, in addition to other inadequacies in the plea agreement in Case 2.

Regardless of whether Assembly Bill 333 retroactively implicates Case 2, there are deficiencies in the plea in Case 2 that require the judgment in that case to be reversed and the matter remanded. First, the trial court neglected to take defendant's admission to the prior strike at the plea hearing. Strike convictions must be pled and proved. Section 1025, subdivision (a) provides in pertinent part: "When a defendant who is charged in the accusatory pleading with having suffered a prior conviction pleads either guilty or not guilty of the offense charged against him or her, he or she shall be asked whether he or she has suffered the prior conviction." (§ 1025, subd. (a); see §§ 667, subds. (c), (e), & (f); 1170.12, subds. (a), (c), & (d).) Further, the court in Case 2 did not find a factual basis for the plea.[10] The determination that there is a factual basis for a guilty plea is procedurally mandated by section 1192.5. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1174.) Section 1192.5 imposes on trial courts the burden of inquiry into a factual basis for a guilty plea for negotiated pleas specifying the punishment to be imposed. (§ 1192.5; see *Hoffard*, at p. 1174.)

---

[10] The People concede these deficiencies in the plea agreement go to the validity of the plea but are not cognizable on appeal without a certificate of probable cause. However, to forestall subsequent habeas corpus challenges, the People agree the judgment should be vacated.

Accordingly, in light of the deficiencies in the plea agreement in Case 2, we conclude that the judgment in that case must be reversed and the matter remanded for further proceedings.

## DISPOSITION

The judgments in case Nos. 20CR-01901B and 21CR-05205 are reversed and the matters remanded for further proceedings.